IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ROY HARTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-070 |
| | ) | |
| TANSHANNA GOLDEN; RACHEL | ) | |
| VINCENT; KAREN MAY BACDAYAN; | ) | |
| DAWN HILL-KEARSE; and MICHAEL | ) | |
| WEISBERG, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because Plaintiff is proceeding IFP, the complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.    Screening the Complaint**

**A.    Background**

Plaintiff alleges without any elaboration: "Defendants violated fourteen amendment rights, Plaintiff demands compensation to be decided by the Court." (Doc. no. 1, p. 1.)

**B.    Discussion**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.      Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiff's allegations fail to state any facts at all that would give rise to a claim.  He provides no details about how Defendants are alleged to have violated his Fourteenth Amendment rights, let alone what each individual Defendant did.  The Eleventh Circuit has held that a district court properly dismisses a claim, when other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamela Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) for the proposition that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).  While Plaintiff names five defendants in the caption of his complaint, Plaintiff does not mention them anywhere in the statement of his claim nor does he make any factual allegations associating Defendants with any purported constitutional violations.  (See generally doc. no. 1.)  As the complaint is but "an unadorned, the-defendant-unlawfully-harmed me accusation" that ""tenders 'naked assertions' devoid of 'further factual enhancement,'" it fails to state a claim for relief.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).

## II.      Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of April, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3